Bruce W. Musacchio, Esq. Informal Opinion Village Attorney No. 95-34 Village of Gowanda P. O. Box 230 Gowanda, N Y 14070
Dear Mr. Musacchio:
You have informed us that the existing building and bingo inspector of the village was elected to the village board of trustees. Your question is whether the inspector, as a member of the board of trustees, can be appointed by the trustees to a new term as building and bingo inspector.
You indicated that you are aware of section 3-300(3) of the Village Law, which provides that no person simultaneously may hold an elective and an appointive village office (with certain exceptions that are not relevant here). We need not determine whether the extent of powers held by the building and bingo inspector have given "officer" status to that position, causing a violation of this provision. See, Op Atty Gen (Inf) 92-47, attached, which describes the characteristics of a "public officer". In our view, based on our telephone conversation in which you specified the powers of this position in inspecting buildings, the office of village trustee is incompatible with it.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryancase is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
You have informed us that building permits are proposed by the building inspector and then transmitted to the village board for final approval. Also, the building inspector makes recommendations to condemn structures which are also transmitted to the village board for approval. Thus, inevitably there are significant conflicts between the duties of the two positions. The actions of one officer are reviewed by the other. Op Atty Gen (Inf) No. 89-76. Recusal is not an effective remedy in light of the inevitable and recurring conflicts.
We note that a second legal problem would occur were the village board of trustees to exercise its power to re-appoint the building and bingo inspector. It has long been established that a board may not appoint one of its members to a position. Wood v Town of Whitehall, 120 Misc. 124 (Sup Ct Wash Co), affd, 206 App. Div. 786 (3d Dept 1923). See also, Macrum vHawkins, 261 N.Y. 193 (1933), and Matter of Brenner v Vines, 35 A.D.2d 536
(2d Dept 1970). In Wood, the Court decided that it would be contrary to public policy and the general welfare to uphold such an appointment. The recusal of the member of the board to be appointed does not remedy the conflict of interests.
 When public officers, such as the members of a town board, are vested by the legislature with power of appointment to office, a genuine responsibility is imposed. It must be exercised impartially, with freedom from suspicion of taint or bias which may be against the public interest. An appointing board cannot absolve itself from the charge of ulterior motives when it appoints one of its own members to an office. It cannot make any difference whether or not his own vote was necessary to the appointment. The opportunity improperly to influence the other members of the board is there. No one can say in a given case that the opportunity is or is not exercised. What influenced the other members to vote as they did, no one knows except themselves. Were their motives proper, based solely on the fitness of the appointee? They may have been. Were they improper, based on the promise or expectation of reciprocal favors? (Id., p 125.)
This doctrine has been applied to offices and positions of employment. 1987 Op Atty Gen (Inf) 167.
We conclude that one person should not hold simultaneously the positions of village trustee and village building and bingo inspector.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions